## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MIMS PROPERTIES, LLC, a Florida
limited liability company, MIMS
PROPERTIES INVESTMENTS, LLC,
a Florida limited liability company,
NICHOLS RANCH, LLC, a Florida
limited liability company, and MIMS/
ALAFIA, LLC, a Florida limited liability
company,

    Plaintiffs,

v.                                          CASE NO: 8:05-cv-2271-T-26EAJ

MOSAIC PHOSPHATES MP, INC.,
f/k/a IMC PHOSPHATES MP, INC., a
Delaware corporation; MOSAIC GLOBAL
OPERATIONS, INC., f/k/a IMC GLOBAL
OPERATIONS, INC., a Delaware
corporation; and PHOSPHATE
ACQUISITION PARTNERS LIMITED
PARTNERSHIP, a Delaware limited
partnership, all doing business as IMC
PHOSPHATES COMPANY, a Delaware
general partnership,

    Defendants.
_____/

## O R D E R

    Before the Court are cross motions for summary judgment, an undisputed statement of facts, memoranda in opposition, and various exhibits.[1]  After careful

---

[1] See dockets 11, 12, 14, 16, 23 & 27.

consideration of the submissions of the parties, the Court concludes that the motions should be denied.

This action seeks damages for slander of title to certain real property caused by the Defendants' release, absent the Plaintiffs' knowledge and consent, of TECO's relocation obligations under a certain Easement Deed.[2]  The Court finds that genuine issues of material fact exist, thereby precluding entry of summary judgment for either side.  The contested issues concern the rights of Defendant IMC Phosphates Company to assert, as a successor in interest to Virginia Carolina Chemical Corporation of the Easement Deed, the implementation of the relocation clause pertaining to electric transmission lines without regard for the rights of Plaintiffs, as fee simple owners of the subject property, to assert the same relocation rights.  Additional disputes exist concerning what precise rights were granted by the IMC Control Area Easement and the IMC Mineral Deed.  Because

---

[2]  In the Easement Deed, dated September 23, 1954, Virginia Carolina Chemical Corporation granted a utility easement to Tampa Electric Company (TECO) to install and maintain electric transmission lines on certain real property located in Polk County, Florida.  The Easement Deed permits the owner of the property to request TECO to move the transmission lines for mining or other purposes, and also gives TECO the option to compensate the owner if TECO chooses not to relocate the lines.  TECO chose to pay IMC Phosphates Company one million dollars in lieu of relocating the lines.  Plaintiffs had no knowledge of the negotiations between TECO and IMC Phosphates Company. Whether Plaintiffs should have been consulted due to the extent of their rights concerning the subsurface estate's burden on the surface's estate is a genuine issue of material fact.

the Court finds that it would benefit from further development of the facts at a trial on the merits, it would not be prudent to resolve the disputes at this procedural stage.[3]

It is therefore **ORDERED AND ADJUDGED** as follows:

1)   Defendants' Motion for Summary Judgment (Dkt. 11) is **DENIED**.

2)   Plaintiffs' Motion for Summary Judgment (Dkt. 16) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on February 23, 2007.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

[3]   Binding Eleventh Circuit authority does not foreclose revisiting the issues raised by both sides within the context of a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50.  See Abel v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000) (permitting this practice even after the denial of summary judgment).