UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIMS/ALAFIA, LLC,

    Plaintiff,

v.                                         CASE NO: 8:05-cv-2271-T-26EAJ

MOSAIC FERTILIZER, LLC,

    Defendant.
_____/

## O R D E R

Before the Court is Defendant's Motion for Dismissal for Lack of Jurisdiction based on Failure to Join Indispensable Party (Dkt. 111), Plaintiff's Response (Dkt. 126), Defendant's Renewed Motion for Judgment as a Matter of Law, and Motion to Amend and Make Additional Findings of Fact, to Amend Judgment, for Remittitur, and for New Trial (Dkt. 112), Plaintiff's Response (Dkt. 127), Plaintiff's Motion for Attorney's Fees (Dkt. 115), and Defendant's Response. (Dkt. 128). After careful consideration of the motions, responses, record, and applicable law, the Court concludes that all three motions should be denied.

**TECO as an Indispensable Party**

Defendant's Motion to Dismiss focuses solely on its untried position that Mims/Alafia, LLC (Mims) failed to join Tampa Electric Company (TECO) as an indispensable party, thereby defeating subject matter jurisdiction in this Court. The addition of TECO, a Florida corporation, as a defendant to this suit would destroy diversity of citizenship with Plaintiff Mims, a Florida limited liability company. This

Court has the authority to address whether TECO is an indispensable party, even though never preserved or argued before in these proceedings, because the defense of failure to join an indispensable party may be asserted at any time.[1]

The rule governing whether an absent party is indispensable and should have been joined is Federal Rule of Civil Procedure 19. A two-part test is employed for determining whether a particular party is indispensable. See City of Marietta v. CSX Transp., Inc., 196 F.3d 1300, 1305 (11th Cir. 1999); Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 847 (11th Cir. 1999). First, this Court must consider whether "complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations." Id. at 1305; Fed.R.Civ.P. 19(a)(1)-(2). Second, the Court must analyze whether "in equity and good conscience" the action should proceed with the parties before it. Id. at 1305; Fed.R.Civ.P. 19(b). The second part of the test involving "equity and good conscience" is reached only if the first question is answered affirmatively and the nonparty cannot be joined. Id. at 1305. An analysis of this case,

---

[1] See Fed.R.Civ.P. 19; City of Marietta v. CSX Transp., Inc., 196 F.3d 1300, 1305 n. 5 (11th Cir. 1999) (citing Liddy v. Urbanek, 707 F.2d 1222, 1223 n.2 (11th Cir. 1983), for the principle that failure to join an indispensable party whose presence would defeat jurisdiction may be raised first time on appeal); Kimball v. Florida Bar, 537 F.2d 1305, 1307 (5th Cir. 1976) (stating that defense of failure to join indispensable party may be raised at any time). After the close of the evidence but before this Court had articulated its ruling on the record, counsel for Defendant noted that although TECO had not been joined as a party, it did not intend to argue that the failure to join TECO as an indispensable party defeated jurisdiction— at least at that juncture. In any event, the Court may sua sponte raise the issue of subject matter jurisdiction at any time, including the deficiency based on lack of diversity created by the addition of an indispensable party. CSX Transp., 196 F.3d at 1302 & 1304.

however, compels the conclusion that TECO's absence will not and did not impede TECO's ability to protect its interest, nor did Defendant establish that nonjoinder risks conflicting or duplicative judgments entered against it. Thus, the second part of the test need not be reached.

TECO was not and is not indispensable to the resolution of this claim for slander of title founded on Defendant's execution and recording of a full release and satisfaction in favor of TECO with respect to relocation rights of the power lines on property owned by Mims. TECO was and is not even a necessary party in this claim for damages against Defendant for slander of title. This action does not seek declaratory relief and is not derivative in nature, as in other cases,[2] and, therefore Mims could and did receive complete relief against the party who slandered title to the property. Likewise, Defendant could and did receive complete relief, albeit unfavorable. It has not been argued that TECO committed any acts constituting slander of title or that TECO's conduct need be evaluated in this action. There is nothing implicating TECO in this action, nor have the parties articulated any implication of TECO in the relationships among the parties and TECO.

Even Defendant's assertion that TECO's interests were and are so intertwined with Mims' claims and its defenses that it may suffer conflicting or duplicative judgments is not persuasive. There is no explanation regarding how Defendant may suffer additional conflicting judgments, particularly in view of the evidence that the release from

---

[2] See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Liddy.

Defendant to TECO may have represented some type of settlement between Defendant and TECO that may or may not have encompassed matters outside the transactions at issue in this case. Consequently, the Court finds that TECO is not an indispensable party, and subject matter jurisdiction, which is based on diversity of citizenship, has not been destroyed.

### Renewed Judgment as a Matter of Law, Amending Judgment, New Trial, and Remittitur

After reviewing all the evidence and the renewal of the argument for judgment as a matter of law, the Court finds that in the light most favorable to Mims as the nonmoving party, "there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions"[3] and therefore the motion for judgment as a matter of law must be denied. Addressing the motion made to amend this Court's findings, the Court finds that there has been no showing of manifest error of law or newly discovered evidence warranting an amendment. With respect to the affirmative defense of good faith, as found at the trial, there is no evidence that any of Defendant's actions constituted good faith in the execution and recording of the release. To the extent Defendant contends that the Court did not consider parol evidence of the affirmative defense of good faith, the Court stands on its finding that the documents at issue were unambiguous.

---

[3] Caban-Wheeler v. Elsea, 71 F.3d 837, 842 (11th Cir. 1996) (citing Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989)).

The arguments directed to the damages awarded by the Court do not support remitting the damages or opening up the judgment for the consideration of additional evidence which was available to the Defendant at the time of trial. The award of 5.45 million dollars does not shock the conscience,[4] particularly in view of the evidence of one of Defendant's own employee-experts in the field of valuing phosphate reserves. Limiting the damages to $130,000, as Defendant suggests, based on the amount that Defendant paid Agrifos for the reserves flies in the face of the evidence adduced at trial from Defendant's own witnesses who established numbers and values in preparation for once anticipated mining of the very same reserves by Defendant. Consequently, the Court finds that the record supports the amount of damages awarded.

## Attorney's Fees

For the first time, Mims seeks attorney's fees based on a document, specifically the IMC Control Area Easement, to which it was not a party. Even if Mims had preserved its right to seek attorney's fees, which it did not, Mims cannot recover attorney's fees as the prevailing party pursuant to a contract to which it was not a party. See Fielder v. Weinstein Design Group, Inc., 842 So.2d 879, 880 (Fla.Dist.Ct.App. 2003); Stewart v. Tasnet, Inc., 718 So.2d 820, 821 (Fla.Dist.Ct.App. 1998); Florida Med. Ctr., Inc. v. McCoy, 657 So.2d 1248, 1250-52 (Fla.Dist.Ct.App. 1995). In any event, the failure to assert a request for attorney's fees in the pretrial statement constitutes a waiver of the right to seek them. See Funding Sys. Leasing Corp. v. Pugh, 530 F.2d 91, 95 (5th Cir.

---

[4] See Wiley v. Stensaker Schiffahartsges, 557 F.2d 1168, 1172 (5th Cir. 1977).

1976) (citing Fed.R.Civ.P. 16 for the premise that the pretrial order "shall control the subsequent course of the action unless modified").[5] Mims is not entitled to attorney's fees as a matter of law.

It if therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion for Dismissal for Lack of Jurisdiction based on Failure to Join Indispensable Party (Dkt. 111) is **DENIED**.

(2) Defendant's Renewed Motion for Judgment as a Matter of Law, and Motion to Amend and Make Additional Findings of Fact, to Amend Judgment, for Remittitur, and for New Trial (Dkt. 112) is **DENIED**.

(3) Plaintiff's Motion for Attorney's Fees (Dkt. 115) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on July 19, 2007.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[5] See also Local Rule 3.06(e), M.D. Fla. ("The pretrial statement and the pretrial order, if any, will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice.").